## D & N Development, Inc.
## v.
## Schrock
*[Cite as 2 AOA 265]*

*Case No. 89AP080066*
*Tuscarawas County, (5th)*
*Decided March 29, 1990*

*For Plaintiff-Appellee: Thomas W. Fox, 114 East High Avenue, New Philadelphia, OH 44663.*

*For Defendant-Appellant: Joseph I. Tripodi, 113 East High Avenue, New Philadelphia, OH 44663 and Charles E. Lorenz, 114 East High Avenue, New Philadelphia, OH 44663.*

SMART, J.

This is an appeal from a judgment of the Court of Common Pleas of Tuscarawas County, Ohio, that determined that certain reservation and restrictions apply to a parcel of real property and issued a permanent injunction against defendants-appellants Robert and Marjorie Schrock (appellants) restraining them from building on the real estate until their construction plans are approved by plaintiff-appellee D & N Development, Inc. (appellee).

At issue is covenant number two, recorded in volume 500, page 74, of the Deed Records of Tuscarawas County, Ohio. That covenant states in pertinent part:

"2. No building shall be erected, placed, or altered on any lot until the construction plans and specifications and a plan showing the location of the structure have been approved by the architectural control committee as to quality of workmanship and materials, harmony of external design with existing structures, and as to location with respect to topography and finish grade elevation. Approval shall be obtained as provided in 2(b) herein.

"(a) The architectural control committee is composed of Dale R. Waldemyer, 838 Boulevard, Dover, Ohio, Norman D. Waldemyer, 838 Boulevard, Dover, Ohio and the Service Director, City Building, Dover, Ohio. A majority of the committee may designate a representative to act for it. In the event of death or resignation of any member of the committee, the remaining members shall have full authority to designate a successor. Neither the members of the committee, nor its designated representative shall be entitled to any compensation for services performed pursuant to this covenant. At any time, the then record owners of a majority of the lost shall have the power through a duly recorded written instrument to change the membership of the committee or to withdraw from the committee or restore to it any of its powers and duties.

"(b) The committee's approval or disapproval as required in these covenants shall be in writing. In the event the committee, or its designated representatives, fails to approve or disapprove within 30 days after plans and specifications have been submitted to it, or in any event, if no suit to enjoin the construction has been commenced prior to the completion thereof, approval will not be required and the related covenants shall be deemed to have been fully complied with."

It appears from the record that appellants purchased the real estate in question in 1986,

for the purpose of constructing a rental duplex. Appellants obtained a building permit from the City of Dover, and submitted documents to appellee's agents regarding the proposed building. Appellee found the documents insufficient and unsatisfactory, and did not approve them.

Appellee's complaint requested injunctive relief; appellants' counterclaim requested that the trial court find covenant two to be void and unenforceable.

Appellants assign three errors to the trial court:

### ASSIGNMENT OF ERROR NO. I
A RESTRICTIVE COVENANT WHICH REQUIRES THE SUBMISSION OF CONSTRUCTION PLANS TO AN ARCHITECTURAL COMMITTEE BUT FAILS TO DEFINE THE STANDARD OF APPROVAL TO BE APPLIED OR THE SCOPE OF THE INQUIRY TO BE MADE, IS VOID AND UNENFORCEABLE.

### ASSIGNMENT OF ERROR NO. II
THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION BY FAILING TO DESCRIBE IN REASONABLE DETAIL THAT IMMEDIATE AND IRREPARABLE INJURY, LOSS, OR DAMAGE WILL RESULT TO PLAINTIFF-APPELLEE.

### ASSIGNMENT OF ERROR NO. III
PLAINTIFF-APPELLEE FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE AT THE TIME OF THE TRIAL FOR PERMANENT INJUNCTION THAT APPELLANTS DID NOT SUBMIT PLANS AND SPECIFICATIONS TO THE ARCHITECTURAL COMMITTEE AND THAT THEY WERE REJECTED WITHIN THIRTY (30) DAYS HEREAFTER.

### I

In their first assignment of error, appellants urge that the restrictive covenant is unenforceably vague.

Appellants cite several appellate court cases that hold that when a provision that forms a part of a series of restrictive covenants requires the plans and specifications of a proposed building be submitted to the grantor for approval, but do not add any new or different restrictions than otherwise set forth in the document, then that restriction only requires the plans to be submitted for approval in order to insure that the plans conform to the restrictions actually set forth in the record, and do not permit any other restrictions to be placed thereon as a condition of the approval. See, e.g., *Carranor Woods Property Owners Assn. v. Driscoll* (1957) 106 Ohio App. 95.

In the case of *Loblaw v. Warren Plaza* (1955), 163 Ohio St. 581, our Supreme Court held:

"The general rule, with respect to construing agreements restricting the use of real estate, is that such agreements are strictly construed against limitations upon such use, and that all doubt should be resolved against a possible construction thereof which would increase the restriction upon the use of such real estate." Syllabus, paragraph 2, by the court.

We find that a restriction that does not give notice to the parties regarding the standards to which they must conform is void as contrary to public policy, because it unduly restricts the use of property, and because it is too broad in scope, leaving too much control over property vested in the hands of one other than the owner of the property. Because covenant number two is overly broad and vague, it is contrary to public policy and unenforceable, see *Dixon v. The Van Sweringen Co.* (1929), 121 Ohio St. 56.

### III

Because the permanent injunction is based upon a restriction which is void and unenforceable, we find that it was erroneously issued.

The third assignment of error is sustained.

### II

The temporary restraining order and preliminary injunction have been preempted by the permanent injunction, and for this reason, the assignment of error is moot.

For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

GWIN, J. Concurs and MILLIGAN, P.J. Concurs separately

**MILLIGAN, J. - Concurring:**
Although I concur in the judgment to reverse this cause, I would do so for significantly different reasons.

### I
The restrictive covenant, in the context of the entire conveyance *and* the scheme for developing the larger tract of real estate, is not facially void and unenforceable. *Cline v. Colbert* (1947), 41 0.0. 172, 56 OLA 295 N.E.2d 299. See also *Dixon v. VansSwerigen Co.* (1929), 121 Ohio St.56.

### II
I would overrule the second assignment of error upon the authority of *Connelly v. Morris* (1954), 69 OLA 395, 125 N.E.2d 765.

### III
Upon the facts and circumstances relating to the specific applications here involved, I would conclude that the appellee unreasonably withheld the requisite consent stated. Conversely, appellee failed to prove that appellants have not complied with the prerequisites in covenant number two.

I would sustain the third assignment of error and remand this cause to the Common Pleas Court with instructions to appellee to issue the approval contemplated in covenant number two.